947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Timothy S. JONES, Plaintiff-Appellant,
v.
Michael A. FAZIO, individually and in his capacity as a
police officer for the City of Bloomington, Illinois, City
of Bloomington, Illinois, a municipal corporation and LEWIS
DEVAULT, individually, Defendants-Appellees.
 No. 90-2667.
 United States Court of Appeals, Seventh Circuit.
 Argued June 4, 1991.
Decided Oct. 22, 1991.
 
 Before COFFEY, RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 Tim Jones sued Officer Michael Fazio of the Bloomington, Illinois Police Department, the City of Bloomington, and Bloomington's police chief, Lewis DeVault, under 42 U.S.C. § 1983. The suit arose from Fazio's arrest of Jones, allegedly without probable cause and by excessive force. A jury returned a verdict for all defendants. Jones appeals only the judgment in favor of Fazio. We affirm.
 
 
 2
 It is unnecessary to relate the details of Jones' arrest for purposes of this appeal. Suffice to say that Jones' and Fazio's versions of the arrest differed greatly. According to Jones, after a confrontation in a bar Fazio arrested him for no apparent reason and used excessive force in making the arrest. This force included, according to Jones and his witnesses, tightening handcuffs so that they injured Jones' wrists, slamming Jones against a light pole and into the windshield of a parked car, threatening to hit Jones with a two-foot-long flashlight, and choking Jones. Fazio, however, claimed that he arrested Jones after Jones took actions Fazio interpreted as threatening to obstruct another officer from serving an arrest warrant. (Those actions allegedly violated Ill.Rev.Stat. ch. 38, § 31-1, which makes it illegal to obstruct a police officer's performance of his official duties.) According to Fazio, the arrest itself was accomplished with little or no force, he applied some force only when Jones began to resist, and he applied only that force necessary to overcome Jones' resistance and complete the arrest.
 
 
 3
 Jones' § 1983 suit purported to raise three claims against Fazio. First, Jones alleged an "unlawful arrest" because Fazio arrested him without probable cause. Second, Jones alleged an "unreasonable seizure" of his person because Fazio arrested him without probable cause and because Fazio "maintained the seizure" by using physical force and restraint. Finally, Jones alleged that Fazio used excessive force in arresting him. The jury found for Fazio on all three claims. On appeal, Jones contends that the district court erroneously instructed the jury concerning his claims.
 
 
 4
 We first note that the allegations in Jones' complaint concerning the "unreasonable seizure" are somewhat puzzling. The "unreasonable seizure" claim depended on lack of probable cause for and use of force in making the arrest. Jones does not explain why the "unreasonable seizure" claim states any claim separate from the "unlawful arrest" or excessive force claims. Nor does Jones explain how a public arrest made with probable cause and without excessive force can be unreasonable and therefore violate the Fourth Amendment. Jones does not claim that an officer is not authorized to make a warrantless arrest for the crime alleged--obstructing a police officer. In short, Jones' "unreasonable seizure" claim is just a remake of his other two claims. Therefore, in determining whether the district court properly instructed the jury on Jones' claims, we will consider his complaint to have raised two Fourth Amendment issues: whether Fazio arrested Jones without probable cause, and whether Fazio used excessive force in arresting Jones.
 
 
 5
 Jones complains that the district court erred in refusing two instructions he submitted setting out the elements of his claims. When reviewing challenges to jury instructions, "we must look at the instructions as a whole, in a common sense manner, inquiring whether the correct message was conveyed to the jury reasonably well." Wilk v. American Medical Ass'n, 719 F.2d 207, 218 (7th Cir.1983). The instructions the district court gave adequately cover the elements of Jones' claims. On Jones' claim that Fazio arrested him without probable cause, the court instructed the jury that in determining whether Jones was unreasonably arrested, they had to find whether Fazio had probable cause to arrest Jones. The court then properly defined "probable cause," and set out the elements of the crime (obstructing a police officer) for which Fazio purportedly arrested Jones.[1] These instructions adequately guided the jury in its task of determining whether Fazio arrested Jones without probable cause.
 
 
 6
 The instructions given concerning excessive force were likewise sufficient.[2] The court instructed the jury that a person has a Fourth Amendment right to be free from the use of unreasonable force while being arrested but that an officer has the right to use such force as is reasonably necessary under the circumstances to make an arrest. The court then went on to say that "a police officer's use of force in effecting an arrest is unreasonable if, judging from the totality of circumstances that existed at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." This instruction correctly summarized the law concerning excessive force in arrest claims under the Supreme Court's decision in Graham v. Connor, 490 U.S. 386 (1989) and this court's decision in Lester v. City of Chicago, 830 F.2d 706 (7th Cir.1987).
 
 
 7
 Most of Jones' complaints about the instructions are mere quibbles. His only substantial complaint about the instructions the court gave concerns defendant's instruction 4, which set out the parties' respective burdens of proof. This instruction told the jury that to recover Jones had to prove: 1) that Fazio performed acts which deprived him of constitutional rights; 2) that Fazio acted under the color of state law; 3) that Jones sustained injuries and damages as a result of Fazio's conduct; and 4) that Fazio's conduct proximately caused Jones' injuries and damages. Jones complains that this instruction lumped all his claims together, making it difficult for the jury to distinguish between the no probable cause and excessive force claims. But the instruction correctly sets out in general what a § 1983 plaintiff has to prove; the other instructions referred to above adequately informed the jury of the precise details of Jones' claims.
 
 
 8
 After setting out generally what Jones had to prove, defendants' instruction 4 told the jury that Fazio had asserted two "affirmative defenses":[3] 1) that he used only the force reasonably necessary to arrest Jones; and 2) that he used only the force reasonably necessary to defend himself. The instruction then went on to tell the jury to find for Jones if he proved all the propositions he was required to prove but to find for Fazio if Jones did not meet his burden of proof or if Fazio proved his affirmative defenses.
 
 
 9
 Jones argues that this instruction may have confused the jury because it did not limit the "affirmative defenses" language to the excessive force claim, the only claim to which the "defenses" could have been relevant. He claims the jury might have found that even if Fazio had no probable cause, he would not be liable because he used reasonable force. Taking the instruction in isolation, that may be so. But we must view the instructions as a whole, and taken as a whole we think the instructions adequately cleared up any possible confusion. The instructions made it clear that the no probable cause and excessive force claims were separate claims. No instruction told the jury that reasonable use of force was a defense to the no probable cause claim, and the instruction detailing Jones' claims specifically limited the "affirmative defenses" to the excessive force claim. Given the instructions as a whole, we see little danger that the jury would conclude that the "affirmative defenses" applied to Jones' no probable cause claim.
 
 
 10
 Besides challenging the instructions, Jones also argues that we must reverse because Fazio testified that Jones had not wanted black men bringing white women into Jones' tavern. Jones, however, did not object to this testimony and has therefore waived any objection. Although an extremely limited plain error doctrine exists regarding unpreserved evidentiary errors in civil cases, see Deppe v. Tripp, 863 F.2d 1356, 1362 (7th Cir.1988), Jones has not raised this theory nor demonstrated the exceptional circumstances that must exist for this court to even consider a plain error doctrine in a civil case. See id.
 
 
 11
 For the reasons stated above, the district court's judgment is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Specifically, the court gave the following instructions:
 Plaintiff's Instruction No. 18
 In determining whether there was an unreasonable arrest or an unreasonable seizure, you must determine whether the defendant Fazio had probable cause to believe the plaintiff Tim Jones had committed a criminal offense.
 Plaintiff's Instruction No. 19
 Probable cause for an arrest exists if, at the moment the arrest was made, the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that an offense had been committed. Probable cause is to be determined in a practical, nontechnical manner. The inquiry into the existence of probable cause raises questions of probabilities, the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Probable cause requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false.
 Defendant's Instruction No. 2
 A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits the offense of resisting or obstructing a peace officer.
 
 
 [2]
 The court gave the following instruction:
 Defendant's Instruction No. 3
 You are instructed as a matter of law that under the Fourth Amendment to the United States Constitution, every person has the constitutional right to be free from the use of unreasonable force while being arrested by a police officer, even though such arrest is otherwise in accordance with due process of law. On the other hand, in making an arrest, a police officer has the right to use such force as is reasonably necessary under the circumstances to effect the arrest. Consequently, you are instructed that under the Fourth Amendment to the Constitution of the United States, a police officer's use of force in effecting an arrest is unreasonable if, judging from the totality of the circumstances that existed at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest.
 
 
 [3]
 We place "affirmative defenses" in quotes because it was a mistake (but a mistake in Jones' favor) to tell the jury that using only the force reasonably necessary to make an arrest is a defense to an excessive force claim that a defendant must prove. An arrest is unlawful under the Fourth Amendment only if it is unreasonable. If an officer uses only a reasonable amount of force in making an arrest, he has by definition made a reasonable arrest (at least regarding the force used). See Lester, 830 F.2d at 711-12. Since an arrest involving reasonable force does not violate the Fourth Amendment, and the plaintiff must establish a constitutional violation, it follows that a necessary part of an excessive force claim that a plaintiff must prove is that the officer used an unreasonable amount of force. The officer has no obligation to prove that the force he used was reasonable
 The same holds true for self-defense. The danger an arrestee poses to the officer is a circumstance the factfinder must consider in deciding whether the force the officer used was reasonable. An officer who uses a reasonable amount of force to defend himself in the course of an arrest necessarily is using a reasonable amount of force to make the arrest under the circumstances. Thus, that officer has not violated the Fourth Amendment.